# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

February 14, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Derick G. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 22-3239-CDA

Dear Counsel:

On December 15, 2022, Plaintiff Derick G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 10) and the parties' briefs (ECFs 14, 18 & 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on January 24, 2020, alleging a disability onset of December 1, 2018. Tr. 84. Plaintiff's claims were denied initially and on reconsideration. Tr. 92–95, 103–05. On February 10, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34–66. Following the hearing, on March 30, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–33. The Appeals Council denied Plaintiff's request for review, Tr. 3–8, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on December 15, 2022. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Derick G. v. O'Malley*
Civil No. 22 -3239-CDA
February 14, 2024
Page 2

## II.      THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "ha[d] not engaged in substantial gainful activity since January 24, 2020 . . . ."  Tr. 17.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "history of aneurysm; status post craniotomy; diabetes mellitus; status post amputation of left small toe; traumatic brain injury; neurocognitive disorder; depressive disorder; and Post-Traumatic Stress Disorder (PTSD)[.]"  Tr. 17.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "substance use disorder and hepatitis C." Tr. 18.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 416.967(b) except that he is further limited to: no balancing or climbing ladders, ropes, or scaffolds; no more than occasional climbing ramps or stairs; occasional kneeling, crouching, or crawling; no exposure to hazards, such as moving machinery or unprotected heights; performing no production work, meaning no rapid assembly line work with strict quotas; may be off-task up to 5% of the workday in addition to regular breaks, due to interruptions from symptoms of his impairments; and is limited to a work environment with few changes.

Tr. 20.  The ALJ determined that Plaintiff was unable to perform past relevant work as:

> [A]n antenna installer, satellite communications (DOT #823.261-022), which is medium in exertion as generally performed, but was actually performed at very heavy, and is skilled (SVP 6); plumber (DOT #862.381-030), which is heavy in exertion as generally performed, but was actually performed at very heavy, and is skilled (SVP 7); maintenance repairer, buildings (DOT #899.381-010), which is medium in exertion as generally performed, but was actually performed at very heavy, and is skilled (SVP 7); electrician (DOT #824.261-010), which is medium in exertion as generally performed, but was actually performed at very heavy, and

*Derick G. v. O'Malley*
Civil No. 22 -3239-CDA
February 14, 2024
Page 3

is skilled (SVP 7); and automobile self-serve service station attendant (DOT #915.477-010), which is light in exertion and semi-skilled (SVP 3).

Tr. 25.  The ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy.  Tr. 26.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 27.

## III.  <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.  <u>ANALYSIS</u>

Plaintiff contends that the RFC determination lacks the support of substantial evidence.  ECF 14, at 8.  Specifically, Plaintiff asserts that the ALJ did not (1) explain how she calculated the specific RFC limitation that Plaintiff "may be off-task up to 5% of the workday in addition to regular breaks, due to interruptions from symptoms of his impairments;" (2) include a proper function-by-function analysis of Plaintiff's ability to perform the exertional demands of "light work;"[3] and (3) address Plaintiff's inability to maintain productivity while hospitalized.  ECF 14, at 10, 13, 21.  Defendant counters that (1) the ALJ included a proper narrative for off-task potential supported by substantial evidence, (2) the ALJ's RFC determination contained a proper functional assessment, and (3) the ALJ's reasonable conclusion that Plaintiff's history of hospitalizations was not work preclusive.  ECF 18, at 5–6, 9, 11.

The Court addresses only Plaintiff's first argument, as it is dispositive.  An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis."  20 C.F.R. § 416.945(b)–(c).  In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a).  "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'"

---

[3] 20 C.F.R. § 416.967(b).

*Derick G. v. O'Malley*
Civil No. 22 -3239-CDA
February 14, 2024
Page 4

*Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).

When performing the RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence.  SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.); *see White v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation omitted) (stating that to satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination).  In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion."  *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)), as amended (Dec. 13, 2000); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original and internal quotation marks omitted) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate logical bridge from [that] evidence to his conclusion.").

If an ALJ chooses to include a specific off-task time limitation in the RFC, a narrative explanation must be included.  "[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday."  *Kane v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018).  However, if an ALJ specifies an off-task time that a claimant will be able to perform work-related tasks, the ALJ must adequately explain that determination with reference to the record.  *Abdul K. v. Kijakazi*, No. BAH-21-2434, 2022 WL 2789363, at *2–3 (D. Md. July 15, 2022); *see, e.g., Fisher v. Comm'r, Soc. Sec.*, No. RDB-17-3165, 2018 WL 3348858, at *3 (D. Md. July 9, 2018) ("The ALJ, however, provided no support or explanation for this extremely specific [off-task time] conclusion."); *Carter v. Berryhill*, No. 17-04399, 2018 WL 4381275, at *12 (S.D.W. Va. Apr. 11, 2018), *report and recommendation adopted*, 2018 WL 4169108 (S.D.W. Va. Aug. 30, 2018) (remanding where the ALJ "left the court to guess" how the ALJ arrived at the conclusion that the claimant would be off task for 15 percent of the workday).

This Court has, on several occasions, addressed an ALJ's obligations when specifying an off-task time limitation.  *See Abdul K.*, 2022 WL 2789363, at *2–3 (remanding when the ALJ failed to explain how the evidence cited translated into a determination that Plaintiff would be off task 10% of the time); *Jennifer M. v. Kijakazi*, No. ADC-21-1491, 2022 WL 2668423 (D. Md. July 11, 2022) (same); *Brian L. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-197, 2020 WL 1814205, at *3 (D. Md. Apr. 9, 2020) (addressing 5% off-task time limitation); *Williams v. Berryhill*, No. TMD-17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) (addressing 10% off-task limitation); *Kane*, 2018 WL 2739961, at *1 (same).  In each case, the Court required the ALJ to provide an explanation for their conclusion that plaintiffs would be off task for a percentage of the workday.  For example, in *Brian L.*, the Court found that "the ALJ failed to provide 'an accurate and logical bridge' between the evidence he discussed . . . and his RFC determination that Plaintiff would be off task 5% of the time."  2020 WL 1814205, at *3 (internal citations omitted).  Unable, without greater explanation, to assess how the ALJ analyzed plaintiff's mental limitations in determining the RFC, the Court remanded for further analysis.  *Id.*  Similarly, in *Kane*, the Court

*Derick G. v. O'Malley*
Civil No. 22 -3239-CDA
February 14, 2024
Page 5

explained that "the assignment of a precise percentage of time off-task constituted a critical part of the disability determination," yet "the ALJ failed to explain how he reached" that conclusion. 2018 WL 2739961, at *1. The Court remanded because "the [vocational expert's ("VE")] testimony rendering the percentage of time off-task [was] potentially work-preclusive," and the ALJ "failed to fulfill the duty of explanation on this issue." *Id.* at *2. Along the same lines, any RFC in this matter requiring an off-task time limitation must include a narrative discussion that provides a bridge to that end. *See Jennifer M.*, 2022 WL 2668423, at *4.

Here, the ALJ failed to create a "logical bridge" between Plaintiff's mental limitations and the RFC determination. After concluding that Plaintiff would be "off-task up to 5% of the workday in addition to regular breaks, due to interruptions from symptoms of [Plaintiff's] impairments[,]" the ALJ considered the medical evidence from Dr. Roskes. Tr. 24. The ALJ found Dr. Roskes' medical opinion "generally unpersuasive" and that the portion of Dr. Roskes' opinion "lack[ed] specificity" regarding symptoms consistent with being off task. Tr. 24. The ALJ then concluded that, due to "residual effects of [Plaintiff's] traumatic brain injury/ruptured aneurysm and residual headaches, [Plaintiff] . . . will be off-task 5% of the workday." Tr. 25; *see Kane*, 2018 WL 2739961, at *1 ("The evidence described by the ALJ certainly suggests that Ms. Kane would have difficulty staying on task throughout an entire workday, but does not ascribe any particular percentage of time."). These three instances are the only occasions in which the ALJ discussed Plaintiff's off-task limitation. *See Brian L.*, 2020 WL 1814205, at *3 (internal citation omitted) (finding remand necessary when the ALJ "discuss[ed] the record at length, [but] did not provide any other support for [the ALJ] finding that Plaintiff could stay on task for 95% of the workday. The ALJ's vague references to the 'longitudinal medical records' as support for his conclusion do not suffice.").

Notably, the ALJ found that Plaintiff had "moderate difficulties" in concentration, persistence, or pace ("CPP"). Tr. 19. However, the ALJ also noted that Plaintiff's mental status examinations "generally show[ed] [Plaintiff] to be alert and fully oriented" and showed "fair judgement [and] intact memory . . . ." Tr. 19, 23. The ALJ also found Ms. Laura Garcia's, Nurse Practitioner ("NP"), opinion unpersuasive when she opined that Plaintiff had "impaired concentration, memory, and decision making . . . ." Tr. 24. *See Chandler v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-1408, 2016 WL 750549, at *2 (D. Md. Feb. 24, 2016) (internal citation omitted) (noting that "[i]t is unclear how the ALJ reached that particular conclusion, and is also unclear whether being off task only 5% of the workday is consistent with a 'moderate limitation in [CPP].'"); *Brian L.*, 2020 WL 1814205, at *3 (remanding when the ALJ failed to "reconcile" Plaintiff's moderate limitation in maintaining CPP with the ALJ's "determination that Plaintiff would be off task 5% of the time"). However, where, as here, the evidence substantiates "difficulty with sustained concentration and the ALJ renders a conclusion regarding a precise percentage, the ALJ must explain and support that conclusion with substantial evidence." *Kane*, 2018 WL 2739961, at *2 n.2.

Ultimately, the ALJ failed to explain how this evidence translated into a determination that Plaintiff would be off task 5% of the time. *See Petry*, 2017 WL 680379, at *2; *Fisher*, 2018 WL 3348858, at *3. Plaintiff is correct that an explanation of how that percentage was calculated is

*Derick G. v. O'Malley*
Civil No. 22 -3239-CDA
February 14, 2024
Page 6

significant because an increase in limitation percentage may preclude competitive employment. *Brian L.*, 2020 WL 1814205, at *3 ("An explanation of how that percentage was calculated is significant, since a six percent increase could preclude competitive employment."); *see also Schlossnagle v. Colvin*, No. TMD-15-935, 2016 WL 4077672, at *4 (D. Md. Aug. 1, 2016) (internal citation omitted) (holding that "[b]eing 'off task' more than 10% of the time during an eight-hour workday would preclude all competitive employment."); *Jeffrey B. v. Saul*, No. GLS-20-1090, 2021 WL 797920, at *3 (D. Md. Mar. 2, 2021) (internal citation omitted) ("The lack of any explanation as to how the ALJ calculated this percentage is significant because 'a one percent increase could preclude competitive employment.'").  Here, the ALJ only presented one hypothetical question regarding off-task limitation to the VE. Without an explanation as to why this percentage was chosen or how this limitation sought to address Plaintiff's impairments, review is frustrated.  *See Kane*, 2018 WL 2739961, at *2 ("[T]he assignment of a precise percentage of time off-task constitute[s] a critical part of the disability determination" and when "the ALJ fail[s] to explain how he reached the conclusion" remand is warranted).

Having failed to provide an adequate explanation of how the ALJ concluded that Plaintiff would be "off-task up to 5% of the workday," remand is warranted.  *See Brian L.*, 2020 WL 1814205, at *3.

Defendant directs the Court to *Jordan v. Soc. Sec. Admin.* to support their argument that the ALJ provided an "accurate and logical bridge."  No. JMC-17-03032, 2018 WL 4354196 (D. Md. Sept. 12, 2018).  Unlike the matter before the Court, the ALJ in *Jordan* included a narrative discussion that the off-task determination was "due to issues with pain" and explained plaintiff's pain made "her unable to stay focused" daily.  *Id.* at *3.  The *Jordan* ALJ also explained that plaintiff experienced pain for 10% of the workday and properly supported that conclusion.  *Id.* Here, while some of the evidence described by the ALJ details Plaintiff's limitations with respect to concentration, the ALJ provides no "logical bridge" to explain how a limitation "off-task for 5 percent of the workday," would accommodate Plaintiff or why it is justified.  *See Brian L.*, 2020 WL 1814205, at *3.

For the reasons stated above, the Court cannot ascertain how the ALJ assessed Plaintiff's limitations and how those difficulties impacted the RFC assessment.  Plaintiff's case must be remanded to the Commissioner for further analysis.  *Jennifer M.*, 2022 WL 2668423, at *4; *see Abdul K.*, 2022 WL 2789363, at *3; *see also Beth Ann O. v. Kijakazi*, No. CV 21-1877-BAH, 2022 WL 3360277, at *3 (D. Md. Aug. 15, 2022) ("Defendant ignore[ed] that the Fourth Circuit, and this Court specifically, have regularly held that an ALJ's failure to explain *how* they determined that a claimant would be off task for a specific percentage of the workday precludes meaningful judicial review. Such is the case here and remand is warranted.").  Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

*Derick G. v. O'Malley*
Civil No. 22 -3239-CDA
February 14, 2024
Page 7

## V.       **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge